### (March 23, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT GORDON, Appellant.— Judgment of conviction rendered July 18, 1966 unanimously affirmed. Concur — Botein, P. J., Stevens, Capozzoli and McGivern, JJ.; Steuer, J., concurs on constraint of *People* v. *Molinari* (27 A D 2d 705) and *People* v. *Baker* (27 A D 2d 269).

### (March 28, 1967)

■ CHRISTOPHER J. SHERIDAN, as Administrator of the Estate of SARAH T. SHERIDAN, Deceased, Plaintiff, v. CITY OF NEW YORK et al., Defendants. MARSH & McLENNAN, INC., Third-Party Plaintiff-Respondent, v. NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Appellant. (And Three Other Actions.) — Order entered on October 31, 1966, in the several actions denying motion of third-party defendant to dismiss third-party complaints, unanimously affirmed, without costs and disbursements and without prejudice to a renewal of the motion on substantial completion of pretrial proceedings. The courts should be "reluctant to dismiss third-party complaints at the pleading stage, particularly in cases involving the 'passive' 'active' dichotomy. A claim over 'charging the third person with active negligence will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the defendant.' At the pleading stage, the 'pleader (prime plaintiff) is hardly concerned with the problem among the defendants, inter se, and no effort is made to categorize the allegations to assist in the solution of the problem of liability among them.' But even if plaintiff's pleadings are fairly clear, the ease of amendment on trial may mean that recovery will be allowed on a slightly different theory. See CPLR 3025(c)." (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1010.02.) In view of the fact that the allegations of the plaintiffs' complaints here are very general and the cause of the accident is not spelled out, it may not be said with certainty that a recovery, if had by the plaintiffs against the third-party plaintiff, will be based upon its "active" rather than "passive" negligence. It may very well be that, as the case develops within the scope of the pleadings, a right of recovery over will depend upon the resolving of issues by a trier of the facts. Concur — Botein, P. J., Stevens, Eager, Capozzoli and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CAREW, Appellant.— Judgment unanimously affirmed as to defendant Thomas Carew, after a *Huntley* hearing directed pursuant to decision of this court entered April 19, 1966. (See *People* v. *De Fillipi*, 25 A D 2d 730.) The order entered August 31, 1966 denying suppression of evidence is unanimously affirmed. Concur — McNally, J. P., Stevens, Eager and Steuer, JJ.